This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                                                    **NO. 34,218**

**ARTURO TAFOYA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellant

Law Office of Kari Morrissey
Kari Morrissey
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} The State appeals from the district court's order granting Defendant Arturo Tafoya's motion to suppress. We issued a calendar notice proposing to affirm. The State filed a memorandum in opposition, which we have duly considered. We are not persuaded by the State's arguments and therefore affirm.

{2} In its docketing statement, the State argued that the district court improperly sustained Defendant's hearsay and confrontation objections when Officers Wickline and DeHerrera attempted to respond to questions regarding the descriptions of the robbery suspects and car that were provided to them before they detained Defendant. [DS 8-9] In our notice, we proposed to hold that the district court abused its discretion when it sustained the hearsay and confrontation objections. [CN 3-4] *See State v. Rivera*, 2008-NMSC-056, ¶ 15, 144 N.M. 836, 192 P.3d 1213 ("At a suppression hearing, the [district] court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." (internal quotation marks and citation omitted)); *see id.* ¶¶ 11-23 (holding that the Sixth Amendment right of an accused to confront and cross-examine witnesses does not extend to pretrial hearings on a motion to suppress evidence). However, because the district court considered the offers of proof by the parties to show how Officer Bailey would have testified, which included descriptions of the robbery suspects and car that she observed in the surveillance

2

video, we proposed to conclude that the State did not demonstrate prejudice, so there is no reversible error. [CN 4-5] *See State v. Fernandez*, 1994-NMCA-056, ¶ 16, 117 N.M. 673, 875 P.2d 1104 ("In the absence of prejudice, there is no reversible error."); *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{3}　　In response to our calendar notice, the State reiterates the facts [MIO 2-5], argues that the district court abused its discretion in sustaining Defendant's hearsay and confrontation objections [MIO 5-7], and argues that "[t]he prejudice in this case is self-evident" [MIO 7]. Additionally, the State asserts that the facts in this case are analogous to the facts in *State v. Flores*, No. 32,094, dec. (N.M. Sup. Ct. Feb. 24, 2011) (non-precedential). We are not persuaded.

{4}　　First, we note that the State had the burden to point out errors in fact or law with our proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). The State's argument that "[t]he prejudice in this case is self-evident" does not meet this burden.

{5}　　Second, we note that "[u]npublished decisions are not meant to be used as precedent; they are written solely for the benefit of the parties. Because the parties

know the facts of the case, a memorandum opinion may not describe fully the critical facts upon which the case was decided." *Winrock Inn Co. v. Prudential Ins. Co. of Am.*, 1996-NMCA-113, ¶ 27, 122 N.M. 562, 928 P.2d 947 (citation omitted); *see also* Rule 12-405 NMRA. To the extent that the State suggests that *Flores*, No. 32,094, is persuasive, we disagree.

{6}     In *Flores*, our Supreme Court held that the district court improperly excluded evidence during a suppression hearing and the district court prevented both parties from making a record, which prejudiced both the State and Defendant, constituting reversible error. *Id.* \*\*10-11. Unlike the facts in *Flores*, and as discussed in our calendar notice, the district court in this case considered the offers of proof by the parties, in addition to the evidence presented at the suppression hearing before it determined that Defendant was illegally seized. [CN 4] Therefore, the State's reliance on *Flores* is misplaced.

{7}     For the reasons stated in our notice and in this opinion, we affirm.

{8}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

4

_____

**MICHAEL E. VIGIL, Chief Judge**


_____

**LINDA M. VANZI, Judge**